UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KENNY L. SHAVERS     **PLAINTIFF**

v.     CIVIL ACTION
NO.  3:13cv00401-TSL-JMR

W. A. KENDALL & COMPANY, INC.     **DEFENDANT**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**           3

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**           10

   **EXPERT TESTIMONY EXPECTED:**  No

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   Mediation at the end of discovery.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JUL. 2011)

4. **DISCLOSURE.**

   The pre-discovery disclosure requirements of Fed.R.Civ.P.26(a)(1) and U.L.Civ.R. 16(d) and 26(a) have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.**

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will assist in the prompt resolution of this action. Accordingly, the Court orders that:

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production and Requests for Admissions are limited to

   __25__ succinct questions.

   C. Depositions are limited to the parties, experts, and no more than

   __5__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JUL. 2011)

**D.** The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

At this time, the parties do not anticipate there being any discovery conducted regarding ESI in this litigation. To identify and preserve any potential ESI, counsel will alert their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation and to ensure no inadvertent deletion of ESI occurs. For any relevant e-mail communications, the parties will produce such communications via hard copy. The parties are not aware of any discoverable deleted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce paper copies of any electronically stored documents that are produced in response to document requests. The parties are not aware of any discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

**E.** The court imposes the following further discovery provisions or limitations:

☐ 1. Defendant may have a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff. The examination must be completed in time to comply with expert designation deadlines.

☑ 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute a waiver of the medical privilege.

☐ 4. Other:

Additional Provisions:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL

      beginning on:  November 3-28, 2014 , at  9:00 ,  a.m. , in  Jackson  ,

      Mississippi, before United States  District   Judge  Lee . THE

      ESTIMATED NUMBER OF DAYS FOR TRIAL IS      3     . ANY CONFLICTS WITH

      THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE

      IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on:  October 14, 2014 , at  9:00 ,  a.m. ,

      in  Jackson , Mississippi, before United States  District

      Judge  Lee .

   C. **Discovery.** All discovery must be completed by:  June 2, 2014 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

      filed by:  October 18, 2013 .

   E. **Experts.** The parties' experts must be designated by the following dates:

      **1.** Plaintiff(s):      March 3, 2014                                     .

      **2.** Defendant(s):      April 3, 2014                                      .

FORM 1 (ND/SD MISS. JUL. 2011)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: June 16, 2014 .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: June 11, 2014 , at 1:30 , p.m. in Jackson , Mississippi, before United States Magistrate Judge Roper .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) October 6, 2014 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

September 19, 2013              /s/ John M. Roper, Sr.
DATE                            UNITED STATES MAGISTRATE JUDGE